MARCUS W. BATES AND MARCUS F. BATES v. WILLIAM H. HERRICK.

*Findings of fact.*

This Court will not interfere with the findings of fact unless but one conclusion can be drawn from the evidence, and a contrary one has been drawn by the trial judge.

Error to Kent. (Burch, J.) Argued July 2, 1890. Decided August 1, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Earle & Hyde,* for appellant, contended:

1. In support of proposition that the evidence to support defendant's claim for damages was neither speculative nor uncertain, counsel cited *Ward v. Warner,* 8 Mich. 508; *Burrell v. Salt Co.,* 14 Id. 34; *Loud v. Campbell,* 26 Id. 239; *McWilliams v. Morgan,* 75 Ill. 473; *Graham v. Plate,* 40 Cal. 593; *Peltz v. Eichele,* 62 Mo. 171; 3 Suth. Dam. 366, 417, 627; *Seymour v. McCormick,* 16 How. 480; *Packet Co. v. Sickles,* 19 Wall. 611; *Marsh v. Billings,* 7 Cush. 322; *Cowing v. Rumsey,* 8 Blatch. 36; *Stevens v. Gladding,* 2 Curtis, 608.

*J. M. Jamison (Taggart, Wolcott & Ganson,* of counsel), for plaintiffs, contended:

1. Loss of profits cannot be made the measure of damages for breach of contract where such profits are conjectural, speculative, or dependent on chances; citing *McKinnon v. McEwan,* 48 Mich. 106; *Allis v. McLean,* Id. 428; *Petrie v. Lane,* 58 Id. 528, 67 Id. 454; *White v. Miller,* 71 N. Y. 118; *Machine Co. v. Bryson,* 44 Iowa, 159.

GRANT, J. This was a suit upon three promissory notes executed by the defendant to plaintiffs, and aggregating $900.

The plaintiff Marcus W. Bates and the defendant were

partners in the fire and accident insurance business in the city of Grand Rapids, Bates having a two-thirds interest, and the defendant a one-third interest. The partnership was dissolved by mutual consent, September 1, 1885, and the plaintiffs, at the same time, formed a partnership for a general insurance business. At the time of the dissolution it was agreed that Bates should take the fire insurance, and the defendant the accident insurance, the defendant agreeing not to engage in the fire insurance business, and Bates agreeing not to engage actively in the accident insurance business, so long as defendant was engaged therein in Grand Rapids. The notes in question were given in settlement of the partnership business, and no payments were made thereon.

The defendant kept his agreement, but the plaintiff Marcus W. Bates, on or about January 1, 1886, obtained the agency of the Standard Insurance Company, doing an accident insurance business, but he did not do much until after February, 1887. The company for which defendant was working was the Accident Insurance Company of North America. In February, 1887, it withdrew from the State. Prior to that time one Patterson had been at work for Herrick soliciting insurance. The withdrawal threw Herrick and Patterson temporarily out of employment. In about 30 days Herrick obtained the agency of the Pacific Mutual Insurance Company, and meanwhile told Patterson that he did not want him to engage with any one else. Defendant could not guarantee Patterson work, and did not employ him. Meanwhile one Patten, the State agent of the Standard Insurance Company, employed Patterson to work for his company in soliciting insurance under the direction of plaintiffs in Grand Rapids and western Michigan. The plaintiffs, under the arrangement made between Patterson and the Standard Insurance Company, were to be charged with

Patterson's salary and expenses, and were to receive 25 per cent. or more of the premiums upon the business written by Patterson. Patterson continued in such employment until September 30, 1887.

The defendant received for such business as that done by Patterson 35 per cent. of the gross premiums, and would have made a profit of from $133.33 to $194 per month, provided he could have procured Patterson and secured such business. The defendant was greatly embarrassed by the competition of Patterson, and claimed that he suffered damages on account thereof in at least the sum of $50 per month, as near as he could estimate the same, but could give no definite estimate of the business lost by him on account of plaintiffs' competition, save the amount of business done by Patterson. Such are the material facts found by the court.

The court held that there was no evidence on which to base an estimate of damages on account of the speculative character of the estimated damages and the various contingencies connected therewith, and therefore rendered the judgment for the full amount of the notes, less $340, the amount of a judgment rendered against plaintiff Marcus W. Bates and Herrick growing out of their former partnership, which Bates, at the time of the dissolution of the partnership, had agreed to pay.

The errors complained of are that the court erred—

1. In refusing to find that the plaintiffs hired Patterson.

2. In refusing to find damages for the violation of the contract by Bates.

It is manifest that the principal damage done to defendant's business was by Patterson. It was therefore material to determine in whose employ Patterson was. That the plaintiffs assisted in securing Patterson to work for the Standard Company is evident, but that they were the

principals in the transaction is not clear. This Court will not interfere with the findings of fact unless but one conclusion can be drawn from the evidence, and a contrary one has been drawn by the trial judge. After a careful examination of the testimony we do not feel warranted in setting aside this finding of the court. This renders a discussion of the question of damages unnecessary. By the defendant's own version of the agreement, at the time of the dissolution, which was verbal, Bates did not agree absolutely to desist from doing any accident business, but did retain the right to do whatever might come to his office. Outside of what was done by Patterson, there is nothing upon which to base any damages.

Judgment affirmed.

The other Justices concurred.